# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| ONITA MACK, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 14 C 2943 |
| | ) | |
| CITY OF CHICAGO, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION

SAMUEL DER-YEGHIAYAN, District Judge

This matter is before the court on Defendants' motion to dismiss. For the reasons stated below, the motion to dismiss is granted in part and denied in part.

## BACKGROUND

In June 2010, Plaintiff Onita Mack (Mack) allegedly began working for Defendant City of Chicago (City) in Defendant Office of Emergency Management and Communications (OEMC) as a Traffic Management Aide. According to Mack, from November 2010 until March 2011, she was subjected to sexual harassment. Mack contends that she was harassed by Jerod Harden (Harden), who allegedly held the position of the Lead Traffic Management Aide. Harden allegedly made repeated comments to Mack of a sexual nature, and repeatedly invited Mack to date him and

1

have sexual relations with him.  On another occasion, Harden allegedly attempted to kiss Mack.  Mack contends that Harden became angry because she refused his advancements and Harden began calling her derogatory names.

Mack also contends that she was subjected to sexual harassment by Bernard Austin (Austin), who was allegedly employed as Superintendent of Special Traffic Services.  Mack contends that Austin made inappropriate comments to her and asked her to go out to dinner with him.  In addition, in February 2011, Mack allegedly requested approval from Austin for an additional job training course (Training Course) that would enable her to work in the parking ticket division, and Austin allegedly responded by asking "what part of her body" she would give him in return for the authorization.  (Compl. Par. 40).  Mack also contends that she complained to Austin about Harden's alleged misconduct and Austin asked her if she would like to go and talk about it at his "place," and when Mack declined, Austin allegedly asked her if she would like to discuss it in a van and told her: "I won't do anything you won't let me do."  (Compl. Par. 43).  Mack allegedly filed a formal charge of harassment and she contends that her work hours then decreased and she was given undesirable job assignments.

Mack includes in her complaint hostile work environment claims brought under Title VII of the Civil Rights Act of 1964 (Title VII), 42 U.S.C. § 2000e *et seq.* (Count I), Title VII sex discrimination claims (Count II), Title VII retaliation claims (Count III), state law assault claims (Count IV), and state law intentional infliction of emotional distress (IIED) claims (Count V).  Defendants now move to dismiss all

claims.

## LEGAL STANDARD

In ruling on a motion to dismiss brought pursuant to Federal Rule of Civil Procedure 12(b)(6) (Rule 12(b)(6)), the court must draw all reasonable inferences that favor the plaintiff, construe the allegations of the complaint in the light most favorable to the plaintiff, and accept as true all well-pleaded facts and allegations in the complaint. *Appert v. Morgan Stanley Dean Witter, Inc.*, 673 F.3d 609, 622 (7th Cir. 2012); *Thompson v. Ill. Dep't of Prof'l Regulation*, 300 F.3d 750, 753 (7th Cir. 2002). A plaintiff is required to include allegations in the complaint that "plausibly suggest that the plaintiff has a right to relief, raising that possibility above a 'speculative level'" and "if they do not, the plaintiff pleads itself out of court." *E.E.O.C. v. Concentra Health Services, Inc.*, 496 F.3d 773, 776 (7th Cir. 2007)(quoting in part *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1965 (2007)); *see also Morgan Stanley Dean Witter, Inc.*, 673 F.3d at 622 (stating that "[t]o survive a motion to dismiss, the complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face," and that "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged")(quoting *Ashcroft v. Iqbal*, 556 U.S. 662 (2009))(internal quotations omitted).

## DISCUSSION

I.  Claims Brought Against OEMC

Defendants argue that OEMC is not an independent entity that is subject to suit.  The Seventh Circuit has generally held that in Illinois a department or division within a municipal entity is not a separate suable entity.  *See, e.g. DeGenova v. Sheriff of DuPage County*, 209 F.3d 973, 977 (7th Cir. 2000)(stating that "[t]he federal courts look to state law to determine if a defendant is amenable to suit" and that "[t]o be sued in Illinois, a defendant must have a legal existence, either natural or artificial")(citing Fed. R. Civ. P. 17(b))(quoting *Magnuson v. Cassarella*, 812 F. Supp. 824, 827 (N.D. Ill. 1992)); *Castillo v. Cook County Mail Room Dept.*, 990 F.2d 304, 307 (7th Cir. 1993)(stating that the "Cook County Department of Corrections is not a suable entity" and that "[i]t follows that the mail room, as a subdivision of the Department of Corrections, is not subject to suit either"); *Smith v. City of Chicago Police Dept.*, 1991 WL 126594, at *1 (7th Cir. 1991)(stating that "[t]he district court . . . correctly determined that [the plaintiff's] claim against the Police Department is a suit against an organizational division of the City and therefore not a separate suable entity"); *Averhart v. City of Chicago*, 2004 WL 2537576, at *1 (7th Cir. 2004)(stating that the "Chicago Police Department is not a suable entity separate from the City of Chicago").

In the instant action, Mack does not dispute that OEMC is a department of the City and cites no precedent holding that OEMC can be separately sued as a

Defendant. Since Mack has not shown that OEMC has a separate legal existence from the City, OEMC is improperly named as a defendant in this action. Therefore, Defendants' motion to dismiss the claims brought against OEMC is granted.

II. State Law Claims (Counts IV-V)

Defendants argue that the state law claims are untimely. As indicated above, Mack included in her complaint state law assault claims and IIED claims. Generally, the statute of limitations for a civil assault claim and for an IIED claim brought under Illinois law is two years. *Andonissamy v. Hewlett-Packard Co.*, 547 F.3d 841, 852 (7th Cir. 2008)(citing 735 ILCS 5/13-202); *Casey-Beich v. United Parcel Service, Inc.*, 2008 WL 4471362, at *2 (7th Cir. 2008))(citing 735 ILCS 5/13–202); *Stokes v. John Deere Seeding Group*, 2013 WL 1314039, at *2-3 (C.D. Ill. 2013); *Dawkins v. Deutsche Bank Nat. Trust Co.*, 2013 WL 5164570, at *5 (N.D. Ill. 2013). However, pursuant to the Illinois Local Governmental and Governmental Employees Tort Immunity Act, such claims brought against a municipal entity and its employees have a one-year statute of limitations. *See* 745 ILCS 10/8-101(a) stating that "[n]o civil action other than an action described in subsection (b) may be commenced in any court against a local entity or any of its employees for any injury unless it is commenced within one year from the date that the injury was received or the cause of action accrued").

In the instant action, the facts alleged by Mack in her complaint suggest that

the latest date the alleged harassment occurred that forms the basis for her state law claims was in April 2011. (Compl. Par. 20, 42, 53). However, Mack did not file the instant action until April 2014, approximately three years later. Thus, the state law claims are well beyond the limitations period even if the court applied the general two-year limitations period. Nor has Mack shown that any tolling doctrines would apply in this case. *See Clarke v. United States*, 703 F.3d 1098, 1101 (7th Cir. 2013)(explaining that the "two principal tolling doctrines" are equitable estoppel and equitable tolling). In fact, Mack did not even address the time-barred issue in her response to the instant motion and thus offered no opposing argument on the time-barred issue. The state law claims are well beyond the limitations period and are clearly time-barred. Therefore, Defendants' motion to dismiss the state law claims (Counts IV-V) is granted.

III. Title VII Sex Discrimination Claims (Count II)

Defendants argue that the Title VII sex discrimination claims should be dismissed because Mack has failed to allege that she suffered an adverse employment action that could support a Title VII sex discrimination claim. The Seventh Circuit has stated that "[t]o survive a motion to dismiss on the basis of gender discrimination, [the plaintiff] needed to allege that the [defendant] instituted an adverse employment action against her on the basis of her sex." *Joren v. Napolitano*, 633 F.3d 1144, 1146 (7th Cir. 2011)(internal quotations omitted)(quoting *Tamayo v.*

6

*Blagojevich*, 526 F.3d 1074, 1084 (7th Cir. 2008)); *see also Carlson v. CSX Transp., Inc.*, 758 F.3d 819, 827 (7th Cir. 2014)(stating that "[a] complaint alleging sex discrimination under Title VII need only aver that the employer instituted a (specified) adverse employment action against the plaintiff on the basis of her sex")(internal quotations omitted)(quoting *Tamayo*, 526 F.3d at 1084).

In response to the instant motion, the only adverse action identified by Mack relates to her request made to Austin for authorization to take the Training Course. (Ans. Dis. 9). Mack argues that "Austin conditioned [Mack's] access to a training course on the provision of sexual favors for him," and that "[t]he provision of training is a term or condition of employment, as it provides for the opportunity for employee benefit increases." (Ans. Dis. 9). First, Mack failed to allege that the Training Course provided the opportunity for increased benefits in her complaint, and Mack cannot now present allegations that she failed to include in her complaint. Second, Mack does not allege in her complaint or plausibly suggest in her complaint that Austin denied her request to the Training Course. Mack merely alleges that when she asked for authorization to take the Training Course, Austin made the comment about Mack's body. Mack does not provide facts as to the ultimate approval or denial by Austin. To assume, based on the allegations in the complaint, that Austin denied Mack's request to participate in the Training Course is pure speculation, which is not permitted even at the pleadings stage. *See Carlson*, 758 F.3d at 826-27 (stating that "[a] claim must be plausible rather than merely

7

conceivable or speculative"); *Concentra*, 496 F.3d at 776 (stating that a plaintiff must allege facts suggesting a right to relief and "raising that possibility above a 'speculative level'"). Mack has thus failed to allege facts that plausibly suggest that she suffered an adverse employment action because of her sex. Therefore, Defendants' motion to dismiss the Title VII sex discrimination claims (Count II) is granted.

IV. Title VII Retaliation Claims (Count III)

Defendants argue that the Title VII retaliation claims should be dismissed because Mack has failed to allege that she suffered an adverse action that could support a Title VII retaliation claim. To state a valid Title VII retaliation claim, a plaintiff must "allege that she engaged in statutorily protected activity and was subjected to an adverse employment action as a result." *Carlson*, 758 F.3d at 828 (quoting *Luevano v. Wal-Mart Stores, Inc.*, 722 F.3d 1014, 1029 n.1 (7th Cir. 2013)); *see also Henry v. Milwaukee County*, 539 F.3d 573, 586 (7th Cir. 2008)(stating that "[t]he range of conduct prohibited under the anti-retaliation provision is broader than its anti-discrimination provision, . . . because the discriminatory acts proscribed by Title VII's anti-retaliation provision are not limited to those that affect the terms and conditions of one's employment")(internal quotations omitted)(quoting *Lewis v. City of Chicago*, 496 F.3d 645, 655 (7th Cir. 2007)).

In the instant action, Mack alleges that she was subjected to an adverse action

8

after she filed her complaint when she was "subjected to unwarranted and invalid discipline," and given "decreased work hours, and undesirable job assignments." (Compl. Par. 54, 103-110). Defendants argue that the alleged actions taken against Mack constituted nothing more than trivial harms that did not materially alter the terms and conditions of her employment. However, the court cannot delve beyond the facts alleged in the complaint at this juncture, and must make inferences in favor of Mack, the non-movant. *Appert*, 673 F.3d at 622. Nor was Mack required to allege all facts concerning the alleged adverse action in her complaint. *Carlson*, 758 F.3d at 828. There is no exhaustive list of general actions that automatically are deemed to be or not be an adverse action sufficient to support a Title VII claim. *See, e.g., Gawley v. Indiana University*, 276 F.3d 301, 314 (7th Cir. 2001); *Ribando v. United Airlines, Inc.*, 200 F.3d 507, 511 (7th Cir. 1999). Defendants cite no precedent that holds that a reduction in work hours or a reassignment to certain undesirable assignments as a matter of law can never constitute an adverse action.

The court also notes that the cases cited by Defendants in support of their position, which were appeals of district court rulings on motions for summary judgment further illustrate the fact that Defendants' arguments are premature at this juncture. (Mem. Dis. 11). For example, Defendants cite *Hobbs v. City of Chicago*, 573 F.3d 454 (7th Cir. 2009), in which the Seventh Circuit was reviewing a ruling by a district court at the summary judgment stage assessing the evidence presented to the court relating to the alleged action by the employer. *Id.* at 460, 463-64 (stating

that the plaintiff "did not point to any evidence that she suffered loss of a job title or received less pay"); (Mem. Dis. 11). The Seventh Circuit in *Hobbs* was not determining whether the plaintiff in that case had satisfied the pleading standard at the motion to dismiss stage. It is thus premature to resolve whether the actions taken against Mack were such that they constituted adverse actions that could support a Title VII retaliation claim. At the summary judgment stage, Mack will need to point to sufficient evidence to show that the City took an action against Mack that would constitute an adverse action sufficient to support a Title VII retaliation claim. Therefore, Defendants' motion to dismiss the Title VII retaliation claim brought against the City (Count III) is denied.

V. Title VII Hostile Work Environment Claims (Count I)

Defendants argue that Mack has not alleged sufficient facts to state a valid Title VII hostile work environment claim. Title VII prohibits an employer from creating "a hostile work environment." *Chaib v. Indiana*, 744 F.3d 974, 985 (7th Cir. 2014)(internal quotations omitted)(quoting *Vance v. Ball State Univ.*, 133 S.Ct. 2434, 2440 (2013)). For a Title VII claim, a plaintiff must establish "that the work environment was so pervaded by discrimination that the terms and conditions of employment were altered." *Id.* (internal quotation omitted)(quoting *Vance*, 133 S.Ct. at 2440); *see also Benders v. Bellows and Bellows*, 515 F.3d 757, 768 (7th Cir. 2008)(stating when examining the sufficiency of a pleading, the court should

10

consider that to prevail on the merits, "[a] plaintiff claiming a hostile work environment must establish the following elements: (1) she was subject to unwelcome sexual harassment; (2) the harassment was based on sex; (3) the harassment had the effect of unreasonably interfering with her work performance in creating an intimidating, hostile, or offensive working environment that seriously affected her psychological well-being; and (4) there is a basis for employer liability").

Defendants argue that Mack has failed to allege sufficient facts to suggest that "she experienced severe or pervasive sexual harassment." (Mem. Dis. 5). Mack alleges extensive facts, which at this juncture must be accepted as true, to support her hostile work environment claim. Mack contends that in August and September 2010, "Harden regularly asked [her] on a date three or four times per week." (Compl. Par. 24). Mack further alleges that when she refused his advances on one occasion, Harden became frustrated and told her: "I have the power to write you up." (Compl. Par. 25). Mack further alleges that during 2010 Harden made repeated inappropriate comments of a sexual nature to her, sought to date her, and have sexual relations with her. (Compl. Par. 12-34). Mack also contends that on one occasion Harden attempted to kiss her. (Compl. Par. 32). Mack further alleges harassing conduct by Austin, which included alleged inappropriate comments and inviting her to talk with him at his residence and then in his van. (Compl. Par. 40, 43).

Defendants argue that the court should consider the admitted fact that when Mack finally filed a complaint, the alleged harassment stopped. However, even

accepting such facts, Mack has alleged that between November 2010 until March 2011, two employees who she alleges were supervisors engaged in sexual harassment. Thus, Mack has alleged facts, which must be accepted as true at this juncture, that are sufficient to state a hostile work environment claim. At the summary judgment stage, Mack will need to point to sufficient evidence to support her Title VII hostile work environment claim brought against the City.

Defendants also make arguments as to a *quid pro quo* made by Austin relating to the training course seeking to have inferences drawn in their favor as opposed to Mack's favor. Although Mack has pled sufficient facts to state a hostile work environment claim, if Mack seeks to base her hostile work environment claim wholly or in part on a *quid pro quo*, she will need to point to sufficient evidence of such a *quid pro quo* at the summary judgment stage. Therefore, Defendants' motion to dismiss the Title VII hostile work environment claim brought against the City (Count I) is denied.

## CONCLUSION

Based on the foregoing analysis, Defendants' motion to dismiss the claims brought against OEMC, the state law claims, and the Title VII sex discrimination claims is granted. Defendants' motion to dismiss the Title VII retaliation claim brought against the City, and the Title VII hostile work environment claim brought against the City is denied.

Samuel Der-Yeghiayan
United States District Court Judge

Dated:   October 2, 2014